**FILED**

February 12, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ JP
                              DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| **EDWARD ASHBY,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | Case No.: **DR:25-CV-00045-EG-MHW** |
| **GES CORPORATION and** | § | |
| **GRISSLYSTICK CORPORATION,** | § | |
| *Defendants.* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation (the "Recommendation"), ECF 16, of the Honorable Matthew Watters, United States Magistrate Judge, entered on January 22, 2026. Judge Watters recommends that the Court deny Defendants GES Corporation's and Grisslystick Corporation's (collectively, "Defendants") Motion to Dismiss (the "Motion"), ECF 8, filed on July 2, 2025. Upon review of the Recommendation, the record, and the applicable law, the Court **ADOPTS** the Recommendation and **DENIES** the Motion.

This case arises from Defendants' alleged failure to satisfy the terms of a licensing agreement for archery products.[1] (R&R 1, ECF No. 16). Specifically, Ashby alleges that Defendants breached the contract by marketing broadhead arrow tips using Ashby's name despite Ashby's notice to Defendants that the products were inadequate. (*Id.* at 1, 5). Defendants assert that Ashby has failed to raise a plausible claim for breach of contract under Federal Rule of Civil Procedure 12(b)(6) and that Ashby's claims are untimely under the applicable statute of limitations. (*Id.* at 2).

---

[1] As a result of Ashby filing an Amended Complaint, the only claim at issue in the Motion is Ashby's breach-of-contract claim. (R&R 2–3, ECF No. 16).

1

None of the Parties have filed an objection to the Recommendation "within fourteen days after being served with a copy . . . ." 28 U.S.C. § 636(b)(1). Accordingly, the Court reviews the Recommendation to determine whether it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court concludes the findings and conclusions within the Recommendation are neither clearly erroneous nor contrary to law. Ashby's Amended Complaint alleges facts that create a facially plausible basis for relief for breach of contract: stated briefly, (1) Ashby performed the contract by inspecting the products at issue and notifying Defendants that the products were inadequate, (2) Defendants breached the contract by marketing the products using Ashby's name despite Ashby's disapproval of the products, and (3) Ashby suffered economic and reputational damage as a result. (R&R at 1, 5, 8, 10); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"); *Cadence Bank v. Johnson*, 160 F.4th 197, 204 (5th Cir. 2025) (reciting the elements of breach-of-contract claims under Texas law). And absent the precise contractual language at issue, the propriety of Defendants' statute-of-limitations defense is not evident from Ashby's Amended Complaint. *See Turnage v. Britton*, 29 F.4th 232, 244 (5th Cir. 2022) ("Failure to file within the statute of limitations justifies dismissal under [Rule 12(b)(6)] when it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."); *Nghiem v. Sajib*, 567 S.W.3d 718, 722 n.20 (Tex. 2019) (noting that breach-of-contract claims are subject to a four-year statute of limitations under Texas law).

**IT IS THEREFORE ORDERED** that the Honorable Magistrate Judge Matthew Watters's Report and Recommendation, ECF 16, is **ADOPTED**.

2

**IT IS FURTHER ORDERED** that Defendants GES Corporation's and Grizzlystick Corporation's Motion to Dismiss, ECF 8, is **DENIED**.

**SIGNED**, this 12 day of February 2026.

_____
ERNEST GONZALEZ
UNITED STATES DISTRICT JUDGE